IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| MULUGETA MARCUS, et al. | |
| | : |
| v. | : Civil Action No. DKC 23-892 |
| | : |
| LAWRENCE TUCKER, et al. | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud case is the motion for leave to amend filed by Plaintiffs Mulugeta Marcus ("Mr. Marcus"), Thirteen Elleven R St NW LLC, and 1461 Chapin St NW LLC (collectively, "Plaintiffs"). (ECF No. 36).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for leave to amend will be granted in part and denied in part.[1]

## I.   Background

On January 20, 2023, Plaintiffs filed a complaint in the Circuit Court for Montgomery County.  (ECF No. 2).  According to the complaint, Mr. Marcus is a businessman involved in purchasing, renovating, renting, and selling residential properties in

---

[1] Plaintiffs request an opportunity to refile the proposed amended complaint, which contains various typographical errors. (ECF No. 38, at 5 n.3).  Plaintiffs are directed to file a corrected proposed amended complaint within seven days of the date of this Order.

Washington, D.C.  (ECF No. 2 ¶ 8).  Mr. Marcus formed two limited liability companies, Thirteen Elleven R St NW LLC and 1461 Chapin St NW LLC, each for the purpose of purchasing a property.  (*See id.* ¶¶ 10, 21).  On or about August 20, 2021, Mr. Marcus purchased property located at 1311 R Street NW, Washington D.C. 20009 (the "R Street Property") on behalf of Thirteen Elleven R St NW LLC.  (*Id.* ¶ 10).  On or about September 30, 2021, Mr. Marcus purchased property located at 1461 Chapin Street NW, Washington D.C. 20009 (the "Chapin Street Property") on behalf of 1461 Chapin St NW LLC.  (*Id.* ¶ 21).

Plaintiffs allege that Defendants Lawrence Tucker ("Mr. Tucker"), Tucker, Nong & Associates, Tucker Family LLC, "John Doe," and Lulseged Guadie ("Mr. Guadie") were involved in a fraudulent scheme to (1) possess various sums of money associated with the purchase of the R Street and Chapin Street Properties that were due to Thirteen Elleven R St NW LLC and 1461 Chapin St NW LLC, (*id.* ¶¶ 17-18, 20, 28-31); (2) obligate 1461 Chapin St NW LLC to repay alleged debt owed by Thirteen Elleven R St NW LLC, (*id.* ¶ 35); and (3) assign complete ownership of Thirteen Elleven R St NW LLC to Mr. Guadie, (*id.* ¶¶ 42-47).

In Count I, Plaintiffs request a declaratory judgment stating that (1) Mr. Marcus is the sole managing member of Thirteen Elleven R St NW LLC and 1461 Chapin St NW LLC; and (2) Defendants have no rights or authority with regard to Thirteen Elleven R St NW LLC

2

and 1461 Chapin St NW LLC and the properties owned by those entities. (*Id.* ¶¶ 49-57). In Count II, Plaintiffs allege fraud or material misrepresentation against "[o]ne or more Defendants[.]" (*Id.* ¶¶ 58-64). In Count III, Plaintiffs allege that Mr. Tucker engaged in negligence. (*Id.* ¶¶ 65-70). In Count IV, Plaintiffs allege conversion against all Defendants. (*Id.* ¶¶ 71-76).

On April 3, 2023, Mr. Guadie removed this case to this court on the basis of diversity jurisdiction. (ECF No. 1). On February 26, 2024, Plaintiffs filed a motion to amend the complaint. (ECF No. 36). On March 8, 2024, Defendants filed a partial opposition. (ECF No. 37). On March 19, 2024, Plaintiffs replied. (ECF No. 38).

## II. Standard of Review

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "A district court may deny a motion to amend when . . . the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). "A

3

proposed amendment is [] futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

**III. Analysis**

Plaintiffs propose various amendments to their complaint. First, Plaintiffs introduce additional defendants Standard Title

4

Group, LLC ("Standard Title") and its CEO and Managing Attorney Kevin Anderson ("Mr. Anderson"). (*See* ECF No. 36-2). Second, Plaintiffs delete John Doe as a defendant. (*See id.*). Third, Plaintiffs enhance their existing claims with more factual detail. (*See id.*). In particular, Plaintiffs allege that Mr. Guadie engaged in fraud or material misrepresentation. (*Id.* ¶¶ 95-102). Fourth, Plaintiffs newly allege that (1) Mr. Guadie, Mr. Tucker, Tucker, Nong & Associates PLLC, and Tucker Family LLC engaged in a conspiracy to commit fraud; (2) Mr. Tucker, Tucker, Nong & Associates PLLC, Tucker Family LLC, Mr. Anderson, and Standard Title aided and abetted fraud; and (3) Mr. Tucker, Tucker, Nong & Associates PLLC, Tucker Family LLC, Mr. Anderson, and Standard Title violated the Maryland Consumer Protection Act ("MCPA"), Md.Code Ann., Com. Law §§ 13-101 *et seq.* (*Id.* ¶¶ 103-16, 132-37). Defendants object, on the basis of futility, to Plaintiffs' proposed amendments only with respect to the fraud-related claims and MCPA claim.[2] Plaintiffs respond that their fraud-related claims and MCPA claim are not futile. (ECF No. 38, at 1).

**A. Choice-of-Law**

As a threshold issue, the law applicable to Plaintiffs' fraud-related claims is difficult, or impossible, to determine from the facts alleged in the proposed amended complaint. When exercising

---

[2] Leave to amend will be granted with respect to the remaining proposed amendments that Defendant does not challenge.

diversity jurisdiction, this court must apply Maryland choice-of-law rules.  *See Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) ("A federal court sitting in diversity must apply the choice-of-law rules from the forum state.").  For causes of action sounding in tort, Maryland courts adhere to the *lex loci delicti* principle, which provides that "when [a tort] occurs in another state[,] [the] substantive rights of the parties, even though they are domiciled in Maryland, are to be determined by the law of the state in which the alleged tort took place."  *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 745 (2000).  A tort occurs "where the injury was suffered, not where the wrongful act took place."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986).  However, "where the alleged wrongful conduct occurred in a different jurisdiction than where the loss was felt, the place of the injury is where the wrong occurred . . . not where the loss was felt[.]" *Carroll v. Walden Univ., LLC*, 650 F.Supp.3d 342, 368 (D.Md. 2022).  Here, Plaintiffs do not allege *where* Defendants' fraudulent conduct took place.  As a result of this ambiguity, the parties in their papers analyze Plaintiffs' fraud claims under Maryland, Virginia, and District of Columbia law.  (*See* ECF Nos. 37, at 2-3; 38, at 2-3, 6).

Where it is impossible to determine which state's law governs a plaintiff's tort claim and there is no conflict between or among the applicable laws of the relevant states, courts in this district

6

will apply Maryland law to resolve pending motions and defer determination of the choice-of-law issue. *See Carroll*, 650 F.Supp.3d at 366–67 (alterations in original) ("There are instances when the court has considered the 'fact-intensive[,] context specific . . . [and] complexity' of the choice of law analysis and has properly deferred the determination of choice of law issues to later in the litigation after the parties have engaged in discovery." (quoting *Malinowski v. Lichter Group, LLC*, No. 14-cv-917-WDQ, 2015 WL 1129522, at *4 (D.Md. Mar. 11, 2015))); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F.Supp.2d 737, 750 (D.Md. 2003) ("Choice-of-law analysis becomes necessary, however, only if the relevant laws of the different states lead to different outcomes."). As the parties recognize, there is no conflict of law among Maryland, Virginia, and District of Columbia law with regard to Plaintiffs' fraud-related claims. (ECF Nos. 37, at 2 n.2; 38, at 2 n.1). Accordingly, Maryland law will be applied to resolve the pending motion and final determination of the choice-of-law issue will be deferred.

**B. Fraud-Related Claims**

Defendants argue that the proposed amendments with respect to Plaintiffs' fraud-related claims are futile because "there are insufficient facts to sustain a cause of action for fraud or misrepresentation." (ECF No. 37, at 2). Specifically, Defendants contend that "Plaintiffs have not alleged any legally cognizable

7

damages . . . sustained as a result of any alleged fraud[,]" and as a result, Plaintiffs' attendant claims for conspiracy to commit fraud and aiding and abetting fraud also fail. (*Id.* at 3, 4). Plaintiffs counter that they indeed alleged legally cognizable damages. (*See* ECF No. 38, at 2-6).

"Under Maryland law, to state a claim for fraud a plaintiff must have relied on a false misrepresentation and had the right to rely on it, and must have suffered *compensable injury* resulting from the misrepresentation." *Dwoskin v. Bank of Am., N.A.*, 850 F.Supp.2d 557, 570 (D.Md. 2012) (emphasis added) (citing *Gourdine v. Crews*, 405 Md. 722, 758 (2008)); *see also Nails v. S & R, Inc.*, 334 Md. 398, 415 (1994) (listing elements of a fraud claim). Here, Plaintiffs plainly allege compensable injury arising from Defendants' fraud: "Because of [Mr. Guadie's] false statements and misrepresentations, the Plaintiffs have suffered actual damages of at least $75,000[.]" (ECF No. 36-2 ¶ 101). Hence, Plaintiffs' fraud-related claims are not futile for failure to allege compensable injury, and leave to amend the complaint with respect to those claims will be granted.

### C. MCPA Claim

Defendants argue that Plaintiffs' MCPA claim is futile because Plaintiffs' allegations involve commercial transactions and the MCPA only applies to consumer transactions. (*See* ECF No. 37, at 4). Plaintiffs counter that the MCPA is applicable because

amongst the multiple transactions at issue in this case, "one such transaction involved a personal loan to [Mr.] Guadie[.]" (*See* ECF No. 38, at 7).

"The MCPA defines 'unfair or deceptive' trade practices to include 'false . . . or misleading oral or written statement[s] . . . or other representations . . . [that have] the capacity, tendency, or effect of deceiving or misleading *consumers*.'" *Currie v. Wells Fargo Bank, N.A.*, 950 F.Supp.2d 788, 796 (D.Md. 2013) (emphasis added) (quoting Md.Code Ann., Com. Law § 13-301(1)). "'Consumer' means an actual or prospective purchaser . . . or recipient of . . . consumer services, consumer realty, or consumer credit." Md.Code Ann., Com. Law § 13-101(c)(1). A co-obligor or surety for a consumer is also a consumer under the MCPA. Md.Code Ann., Com. Law § 13-101(c)(2)(i). Consumer transactions under the MCPA must be for "*personal, household, family, or agricultural purposes*." Md.Code Ann., Com. Law § 13-101(d)(1) (emphasis added). Accordingly, businesses lack standing to sue under the MCPA. *Pasternak & Fidis, P.C. v. Recall Total Info. Mgmt., Inc.*, 95 F.Supp.3d 886, 907 (D.Md. 2015).

Here, Thirteen Elleven R St NW LLC and 1461 Chapin St NW LLC are commercial entities that are not "consumers" under the MCPA. Additionally, Plaintiffs fail to allege any *consumer* transaction. Although Plaintiffs' MCPA claim does not specify which particular transactions are at issue, (*see* ECF No. 36-2 ¶¶ 132-37), elsewhere

in the proposed amended complaint, Plaintiffs allege various fraudulent documents in connection with the closing of the R Street and Chapin Street Properties, (*see id.* ¶¶ 32, 53). Among those allegedly fraudulent documents are a promissory note evidencing a loan from Tucker Family LLC to Mr. Marcus, individually and on behalf of Thirteen Elleven R St NW LLC (the "Promissory Note"), as well as a related guaranty and deeds of trust. (*See id.* ¶ 32). In their reply, Plaintiffs concede that the Promissory Note and other allegedly fraudulent documents "contain language expressly categorizing the . . . loan to [Mr. Marcus and Thirteen Elleven R St NW LLC] as solely for commercial purposes," but maintain that the Promissory Note "was actually not related to the purchase of the [R Street] Property" because

> in August 2021, Mr. Guadie sent an email to [Mr.] Marcus, asking Mr. Marcus to pay off a "$625,000" "personal" loan he owed to [Mr.] Tucker and/or Tucker Family LLC with the proceeds of the sale of the [R Street] Property . . . Mr. Marcus did not agree to sell the property or to use any proceeds from any future sale to pay [Mr.] Guadie's debt. Yet, Defendants allege[] in . . . their [c]ounterclaim . . . that the fraudulent $625,000 Promissory Note and related . . . [d]eed of [t]rust . . . was used to purchase the [R Street] Property. This is especially curious, considering $625,000 is the exact amount of money Mr. Guadie asked Mr. Marcus to pay Tucker Family LLC on his behalf.

(ECF No. 38, at 7-8). Plaintiffs contend that Mr. Guadie is a consumer by virtue of being "the actual person who received the

consumer credit from . . . Tucker Family LLC[,]" and Mr. Marcus is also a consumer "as the purported 'co-obligor or surety' of Mr. Guadie's debt" via the guaranty and deeds of trust in connection to the Promissory Note. (*Id.* at 8, 8 n.4). A Promissory Note in the same amount as Mr. Guadie's personal loan does not automatically render Mr. Marcus as Mr. Guadie's co-obligor, especially in light of Plaintiffs' admission that Mr. Marcus expressly refused to be Mr. Guadie's co-obligor. Moreover, the August 2021 email from Mr. Guadie referring to the personal loan— a copy of which was not provided to the court—is neither referenced nor incorporated into the proposed amended complaint, and the court may not consider materials outside the proposed amended complaint in evaluating whether Plaintiffs' MCPA claim is futile. *See Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011) ("We generally do not consider materials other than the complaint and documents incorporated into it when evaluating that complaint under Rule 12(b)(6)[.]"). Nor is the court permitted to consider counterclaims in its futility analysis. *See id.*

Plaintiffs further argue that

> [t]he proposed amended complaint, on its face, does not concede that the fraudulent $625,000 Promissory Note and related fraudulent documents are commercial in nature; it simply alleges Defendants participated in fraudulent loan transactions, apparently in connection with both the [R Street] Property and [Chapin Street] Property closings, purporting to obligate [Thirteen Elleven R St NW LLC, 1461

11

                    Chapin St NW LLC], and Mr. Marcus to pay
                    $625,000 to the Tucker Family LLC.

(ECF No. 38, at 9).   The fraudulent transactions, however, are commercial in nature *because* they were in connection with the closing of the R Street and Chapin Street Properties-both of which were purchased by the commercial entities Thirteen Elleven R St NW LLC and 1461 Chapin St NW LLC as "rental properties[]" for investment.   (*See* ECF No. 36-2 ¶ 15).   The proposed amended complaint provides no indication that the R Street and Chapin Street Properties were purchased for personal, household, or family purposes.   The alleged misrepresentations pertaining to the fraudulent transactions in relation to the R Street and Chapin Street Properties cannot form the basis of an MCPA claim. Therefore, Plaintiffs' MCPA claim is futile and leave to amend the complaint will be denied with respect to the proposed MCPA claim.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend will be granted in part and denied in part.   A separate order will follow.

                                                  /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge